[Cite as *State v. Goss*, 2017-Ohio-162.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16 COA 024 |
| GARRETT S. GOSS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Criminal Appeal from the Municipal Court,
                                 Case No.  16 CRB 0382


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          January 17, 2017


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREW N. BUSH                        MATTHEW J. MALONE
ASSISTANT LAW DIRECTOR                THE LAW OFFICES OF
1213 East Main Street                 MATTHEW J. MALONE, LLC
Ashland, Ohio  44805                  10 East Main Street
                                      Ashland, Ohio   444805

*Wise, P. J.*

{¶1} Appellant Garrett S. Goss appeals his conviction, following a no contest plea, in the Municipal Court of Ashland County, for possession of drug paraphernalia and possession of marijuana. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On March 26, 2016, Officer Cody Hying of the Ashland Police Department stopped Appellant Goss for failing to stop at a marked bar or line at an intersection (Ashland Codified Ordinance § 331.19(a)), having observed him come to a stop at an intersection with the engine compartment of his 2004 Toyota Tacoma extended-cab pickup truck beyond the stop line and the rear wheels of his vehicle behind it, such that appellant's "driver's door was on top of the stop bar." Hying Testimony, Suppression Tr. at 6.

{¶3} Based on Officer Hying's subsequent observations and investigation at the scene, appellant was charged with OVI (R.C. 4511.19(A)(1)(a) and (A)(1)(d)) and improper operation of vehicles at a stop sign (A.C.O. § 331.19(a)), under trial court case number 16 TRC 1963. In addition, appellant was charged with possession of drug paraphernalia (A.C.O. § 513.12(C)(1)) and possession of marihuana (A.C.O. § 513.03(C)(2)) under trial court case number 16 CRB 382.

{¶4} Appellant thereafter entered pleas of not guilty to all charges. On April 19, 2016, appellant filed in each case a motion to suppress the evidence obtained as a result of the traffic stop. A joint hearing on the motions was held on May 6, 2016.

{¶5} After taking the matter under advisement, the trial court denied appellant's motion(s) to suppress via a judgment entry issued June 21, 2016.

**{¶6}** On June 22, 2016, appellant entered no contest pleas to OVI (R.C. 4511.19(A)(1)(a) and (A)(1)(d)) and the stop sign violation in 16 TRC 1963, as well as possession of drug paraphernalia and possession of marihuana in 16 CRB 382. Formal sentencing entries on the two cases were issued on July 6, 2016.

**{¶7}** Appellant filed a notice of appeal on June 30, 2016. He herein raises the following sole Assignment of Error:

**{¶8}** "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I.

**{¶9}** In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to suppress. We disagree.

**{¶10}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N .E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that "... as a general matter

determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶11} A.C.O. § 331.19(a) governs stopping at stop signs within Ashland's municipal jurisdiction. It states, in pertinent part: "Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop *at* a clearly marked stop line, but if none before entering the crosswalk on the near side of the intersection ***." (Emphasis added).[1]

{¶12} In the case *sub judice*, appellant argues that the trial court incorrectly decided the ultimate or final issue raised in his motion to suppress. *See* Appellant's Brief at 3-4. Thus, appellant is presently not focused on the court's basic factual findings. However, we would at least note the trial court found a lack of credibility in appellant's suppression testimony that he was certain he had stopped his vehicle twice at the intersection, once before the stop bar and once beyond it. *See* Judgment Entry Regarding Motion to Suppress, at 2.

{¶13} The Ohio Supreme Court has stated: " * * * [I]f an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio– 4539, ¶ 8. It is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio–

---

[1]  The language of A.C.O. § 331.19(a) reflects the language found in R.C 4511.43(A).

3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997).

**{¶14}** Appellant directs us *inter alia* to *State v. Drushal,* 9th Dist. Wayne No. 13CA0028, 2014–Ohio–3088, wherein the Ninth District Court of Appeals found the basic language in the Wooster Codified Ordinances that "a vehicle approaching a stop sign shall stop at a clearly marked stop line" to be unambiguous. *Id.* at ¶ 12. We note the facts in *Drushal* indicate the driver had stopped either just at or somewhat on top of the stop line, but not "before" it, which is how the Wooster officer making the traffic stop in that case had interpreted the law. *See id.* at ¶ 4. Appellant herein maintains that under *Drushal*, a driver does not have to stop his or her vehicle just before a stop line or bar in order to be "at" the line for purposes of the ordinance in question.

**{¶15}** We find *Drushal* provides only limited guidance in our present analysis, as the opinion does not make entirely clear how similar the car's position was to the situation before us of an operator fully straddling the stop line between the front engine compartment area and the rear axle of his or her vehicle. Furthermore, we do not agree with the Ninth District's assessment that the "stop line" language found in ordinances such as those of Wooster and Ashland is inherently clear and unambiguous.

**{¶16}** In contrast, the Third District Court of Appeals has concluded that the "stop line" language of R.C. 4511.43(A), *i.e.*, the requirement that a motorist stop at a clearly marked stop line, is reasonably susceptible to more than one interpretation. *See State v. Miller*, 3rd Dist. Marion No. 9–14–50, 2015-Ohio-3529, ¶ 17. Noting the legislative goal of protecting the safety of motorists and pedestrians, and recognizing that stop lines are often used to protect other motorists by allowing adequate room for large vehicles to

complete their turns at intersections, the Third District Court therein stated: "*** [W]e interpret the statute to require a motorist to stop prior to the point at which the front-most portion of his or her vehicle will break the plane of the outermost edge of the clearly marked stop line to most readily further the General Assembly's purpose in enacting R.C. 4511.43(A)." *Id.* at ¶ 22.

{¶17} Upon review, we find the officer's decision in this instance to stop appellant under A.C.O. 331.19(a) was supported by a reasonable and articulable suspicion of a violation of Ashland's traffic laws, and we therefore find no reversible error in the trial court's denial of appellant's suppression motion in the instant case.

{¶18} Appellant's sole Assignment of Error is overruled.

{¶19} For the foregoing reasons, the judgment of the Municipal Court, Ashland County, Ohio, is hereby affirmed.

By: Wise, P. J.

Baldwin, J., concurs.

Delaney, J, dissents.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

JWW/d 1222

*Delaney, J., dissenting.*

{¶20} I respectfully dissent from the majority opinion. Based upon a review of all the circumstances of this case, I disagree the facts support a conclusion that a *reasonable* and *articulable* suspicion existed to support a constitutionally valid traffic stop of Appellant's vehicle. Therefore, I would sustain Appellant's sole assignment of error in part.

{¶21} There is little doubt in this case the stop of Appellant's vehicle was pretextual. The officer having followed Appellant's vehicle upon his departure from a bar in the early morning hours of March 26, 2016, and then shortly thereafter pulls Appellant over in a residential neighborhood for a "stop line" violation.

{¶22} According to the officer, the Appellant stopped at a stop sign at the intersection of Cottage Street and West 10th Street in Ashland, Ohio. Photographs of the intersection are shown in State's Exhibit 1. The photos show the stop sign with a faded stop line directly even with the stop sign, and a similarly faded crosswalk approximately a yard beyond the stop line.

{¶23} The officer testified that while Appellant obeyed the stop sign, his vehicle straddled or stopped over the stop line such that his driver's door was on top of the stop bar and the engine compartment of the truck was into the crosswalk. The rear wheels of the truck were behind the stop bar. Without any indication of unreasonable driving or hazard to any potential oncoming traffic or pedestrians, the officer initiated a traffic stop because Appellant failed to stop his entire vehicle before or "at" the stop line and had partially stopped in the crosswalk, which is very close to the stop line.

{¶24} As found by the majority, Ashland Codified Ordinance 331.19(a) mirrors similar local ordinances and R.C. 4511.43(A), which states, in relevant part: "Except when directed to proceed by a law enforcement officer, every driver of a vehicle * * * approaching a stop sign *shall stop at a clearly marked stop line*, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it." (Emphasis added.)

{¶25} At least two Ohio Appellate Districts have issued conflicting rulings on whether the meaning of the word "at" as used in the statute or similar ordinances means "in, on or near" the stop line as was held by the Ninth District in *State v. Drushal,* 2014-Ohio-3088 or means "the point at which the front-most portion of his or her vehicle will break the plane of the outermost edge of the clearly marked stop line" as held by Third District in *State v. Miller*, 2015-Ohio-3529.

{¶26} I would follow the reasoning of the Ninth District in *Drushal*, and find the word "at" is clear and unambiguous, and does not require a vehicle to be stopped completely before the stop bar. It would be extremely difficult for a driver to determine if his or her vehicle had "broken the plane" of the stop line or crosswalk while riding in their vehicle. Likewise, R.C. 4511.712 permits vehicles to enter an intersection or marked crosswalk as long as there is sufficient space for the passage of other vehicles or pedestrians. The Ninth District's reasoning also appears to follow the practices of many drivers. Therefore, I would reverse the ruling of the trial court based upon the facts of this case.